UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA PETERSON,

  Plaintiff,                                    CASE NO.:

-VS-

NATIONSTAR MORTGAGE LLC,

  Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like NATIONSTAR MORTGAGE LLC, from invading American citizens' privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

1

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hudson, Pasco County, Florida.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

11. Defendant is a company formed in Deleware, with its principal place of business at 8950 Cypress Waters Boulevard, Coppell, Texas 75019, and conducting business in the State of Florida.

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

13. Defendant is a "creditor" as defined in Florida Statute 559.55(5).

14. Plaintiff is the regular user and carrier of the cellular telephone number (727) 277-3609, and was the called party and recipient of Defendant's hereinafter described calls.

15. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

16. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

18. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back, consecutive days, with such frequency as can reasonably be expected to harass.

20. In or about May of 2014, Plaintiff began receiving automated calls to her aforementioned cellular telephone from Defendant seeking to recover a debt from Plaintiff.

21. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number: (888) 811-5279.

22. In or about May of 2015, due to the excessive volume of calls, Plaintiff answered a call from Defendant, received Defendant's automated message, pressed the numerical option to be connected to a live representative, and informed an agent/representative of Defendant that she

was not delinquent on her payments, that she does not owe them any delinquent charges, and demanded that the Defendant cease placing calls to her aforementioned cellular telephone number.

23. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

24. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

25. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

26. The Plaintiff's requests for the harassment to end were ignored.

27. From about May of 2014, through the filing of this Complaint, Defendant placed approximately thirty (30) calls per month, or about three-hundred (300) calls to Plaintiff's cellular telephone (or as will be established after a thorough review of Defendant's records), despite the Plaintiff revoking any consent Defendant may have mistakenly believed they had to place calls to her aforementioned cellular telephone number (Please see attached **Exhibit "A"** representing a non-exclusive call log of calls received from July 6, 2015 to October 15, 2015).

28. Additionally, On more than ten (10) occasions, Plaintiff received an automated telephone call to her aforementioned cellular telephone from Defendant, which including the following pre-recorded or artificial voice message:

> "This is Nationstar calling about the status of your account. It's important we speak with you in the next 24 hours. Please have [pause] Cynthia Peterson [pause] call us today at 855 313 0994. You'll be asked to enter personal message code [pause] 618917 {or 553522 or a variation

thereof} [pause]. Again, our number is 855 313 0994 and enter personal message code [pause] 553522 [pause]. Thank you from Nationstar."

29. Additionally, On more than ten (10) occasions, Plaintiff received an automated telephone call to her aforementioned cellular telephone from Defendant, which including the following pre-recorded or artificial voice message:

> "This is Nationstar following up on the status of your account. It's important we speak with you in the next 24 hours. Please have [pause] Cynthia Peterson [pause] call us today at 855 313 0995. You'll be asked to enter personal message code [pause] 317959 {or a variation thereof} [pause]. Again, our number is 855 313 0995 and enter personal message code [pause] 017959 [pause]. Thank you from Nationstar."

30. Furthermore, On more than twenty (10) occasions, Plaintiff received an automated telephone call to her aforementioned cellular telephone from Defendant, which including the following pre-recorded or artificial voice message:

> "Please return our call to 888 811 5279. Agents are available Monday through Thursday, from 7:00 am to 10:00 pm central time, Friday, 7:00 am to 7:00 pm central time, and on Saturday from 8:00 am to 12:00 noon central time. Again, our toll free number is 888 811 5279. Thank you."

31. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

32. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite acknowledging they did not have her express permission to do so.

33. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

34. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed they had.

35. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals demanding that the Defendant stop calling them.

36. Defendant has had numerous complaints from consumers against them across the country asking not to be called, however the Defendant continues to call.

37. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint, for which the Defendant has been sued in Federal Court over five-hundred (500) times in the last 3 years.

38. In the last 3 years, the Defendant has had 3,212 complaints reported to the Better Business Bureau (BBB)[1].

39. Defendant violated the TCPA with respect to the Plaintiff.

40. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
**(Violation of the TCPA)**

41. Plaintiff incorporates Paragraphs one through forty (40).

42. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

---

[1] Retrieved from http://www.bbb.org/dallas/business-reviews/mortgage-brokers/nationstar-mortgage-in-coppell-tx-6002297 on January 26, 2016.

43. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

44. Plaintiff incorporates Paragraphs one through forty (40).

45. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

46. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

47. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

s/*Amanda J. Allen*
Amanda Allen, Esquire
FL Bar#: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
Lcrouch@forthepeople.com
Attorney for Plaintiff